IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| PAUL EICH, as Personal Representative of the Estate of Jeanie Ramos, JACOB RAMOS, MEGAN RAMOS, and BENJAMIN RAMOS, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| AMERICAN GENERAL LIFE INSURANCE COMPANY and THE OLD LINE LIFE INSURANCE COMPANY OF AMERICA, Predecessor in Interest, | ) ) ) ) ) ) | 8:11-cv-00021-LSC-FG3  SCHEDULING ORDER |
| Defendants; | ) ) | |
| MELVIN A. ADAMS, | ) ) | |
| Intervening Defendant. | ) ) | |

This case is assigned to the magistrate judge for full pretrial supervision. The court has reviewed the Report of the Parties' Rule 26(f) Planning Conference (Doc. 16).

Plaintiffs filed this action in state court on December 16, 2010, seeking a declaratory judgment as to the rightful and lawful beneficiaries of a life insurance policy that insured the life of Jeanie Ramos. The decedent's ex-husband, Melvin A. Adams, filed a "Complaint for Intervention" on January 18, 2011.[1] Defendants removed the action to federal court on January 25, 2011, pursuant

---

[1] In Nebraska, the right to intervene is granted by statute. *Ruzicka v. Ruzicka*, 262 Neb. 824, 828, 635 N.W.2d 528, 532 (2001). Neb. Rev. Stat. § 25-328 provides:

**Intervention; right; procedure**

Any person who has or claims an interest in the matter in litigation, in the success of either of the parties to an action, or against both, in any action pending or to be brought in any of the courts of the State of

to 28 U.S.C. §§ 1441 and 1446, alleging that this court has diversity jurisdiction under 28 U.S.C. § 1332. The operative pleadings are:

| | |
|---|---|
| Doc. 1-1 | Plaintiffs' "Petition for Declaratory Judgment" against American General Life Ins. Co. and The Old Line Life Ins. Co., filed 12/16/2010 |
| Doc. 5-2 | Melvin A. Adams' Complaint for Intervention, filed 1/18/2011 |
| Doc. 5 | Answer of American General and Old Line to Petition for Declaratory Judgment, filed 1/31/2011 |
| Doc. 5 | Answer of American General and Old Line to Complaint for Intervention, filed 1/31/2011 |
| Doc. 5 | Counterclaim in Interpleader filed by American General on 1/31/2011 |
| Doc. 9 | Plaintiffs' Answer to American General's Counterclaim in Interpleader, filed 2/14/2011 |
| Doc. 9 | Plaintiffs' Answer to Adams' Complaint for Intervention, filed 2/14/2011 |
| Doc. 13 | Melvin Adams' Answer to plaintiffs' Petition for Declaratory Judgment, filed 2/23/2011 |
| Doc. 13 | Melvin Adams' Answer to American General's Counterclaim in Interpleader, filed 2/23/2011 |

In addition to answering, the plaintiffs filed a separate motion to dismiss American General's counterclaim pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. 7). The intervenor, Melvin Adams, then filed a motion to remand the case to state court for lack of diversity jurisdiction (Doc. 15).

---

Nebraska, may become a party to an action between any other persons or corporations, either by joining the plaintiff in claiming what is sought by the complaint, or by uniting with the defendants in resisting the claim of the plaintiff, or by demanding anything adversely to both the plaintiff and defendant, either before or after issue has been joined in the action, and before the trial commences.

"The intervention shall be by complaint, which shall set forth the facts on which the intervention rests[.]" Neb. Rev. Stat. § 25-330. In comparison, the Federal Rules of Civil Procedure require prospective intervenors to obtain permission from the court. *See* Fed. R. Civ. P. 24. Melvin Adams' "Complaint for Intervention" was not attached to the Notice of Removal because it had not yet been served on the defendants, *see* 28 U.S.C. § 1446(a). Defendants advise in their Answer (Doc. 5 at p.4, n.1) that Melvin Adams did not attempt to serve the "Complaint for Intervention" on them until January 27, 2011. Thus, Adams' "Complaint for Intervention" first appears in this record as Exhibit A to the defendants' Answer (Doc. 5-1). In this matter, the adverse parties have answered Melvin Adams' Complaint in Intervention and do not appear to contest Adams' right to intervene in the case.

Considering the state of the record, the court agrees with the parties that discovery should be stayed pending resolution of Adams' motion to remand and the district court's consideration of American General's request to interplead the policy proceeds.

**IT IS ORDERED:**

1. Responses to Melvin Adams' motion to remand the case to state court (Doc. 15) shall be filed no later than **March 14, 2011.** If responses are filed, Adams may file a reply brief within the time allowed by NECivR 7.0.1(c).

2. Disclosures required by Fed. R. Civ. P. 26(a)(1), including a statement of how each matter disclosed relates to the elements of the disclosing party's claims or defenses, shall be completed by **April 2, 2011.** No other discovery is permitted at this time.

3. American General Life Insurance Company is given until **April 15, 2011**, to respond to the plaintiffs' Motion to Dismiss Counterclaim (Doc. 7) and to file a Motion to Interplead Funds pursuant to Fed. R. Civ. P. 22.

**DATED March 1, 2011.**

BY THE COURT:

s/ F.A. Gossett, III
**United States Magistrate Judge**